UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| P.J. STEVENS,<br><br>    Plaintiff,<br><br>v.<br><br>MINNESOTA DEPARTMENT OF<br>PUBLIC SAFETY, and<br>FRIM(S) ATTORNEY,<br><br>    Defendants. | Civil No. 10-3406 (JNE/LIB)<br><br>**REPORT AND<br>RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP"). (Docket No. 2.) Plaintiff is seeking IFP status, pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal

recourse against the named defendants, based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, Plaintiff's Complaint plainly fails to state an actionable claim for relief. The most obvious deficiencies in the Complaint include the following:

(1) The Complaint does not describe any grounds for federal subject matter jurisdiction.

(2) The Complaint does not describe any legal theory on which this action could be based.

(3) The Complaint does not clearly identify who Plaintiff is attempting to sue. (The caption identifies "Minnesota Department of Public Safety" as the sole Defendant, but the body of the Complaint identifies the sole Defendant as "Frim(s) Attorney."[1])

(4) The Complaint does not describe any act or omission by either one of the putative Defendants that could cause either of them to be liable to Plaintiff under any legal theory.

---

[1] The Court notes that "Minnesota Department of Public Safety" is a state agency that is immune from suit in federal court under the Eleventh Amendment. Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). If "Frim(s) Attorney" is a state agency, then that party is also immune under the Eleventh Amendment.

(5) The Complaint does not include any comprehensible explanation of any injury for which Plaintiff is seeking relief, or the specific relief that Plaintiff is seeking.[2]

In sum, even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's current Complaint clearly fails to state any cause of action on which relief could be granted in federal court. Therefore, Plaintiff's IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 22, 2010

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

---

[2] The "Request for Relief" section of the Complaint reads as follows: "The compensation of clearing the Felony Advisory(s) and the compensation of reinstating fees and work/appt. loss."

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 6, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.